UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James Robinson, | ) C/A No. 4:12-155-JFA-TER |
|---|---|
| Petitioner, | ) |
| vs. | ) REPORT AND |
|  | ) RECOMMENDATION |
| Sheriff Al Cannon, | ) |
| Respondent. | ) |

The petitioner, James Robinson ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 seeking habeas relief.[1] Petitioner is a pretrial detainee at the Charleston County Detention Center, located in North Charleston, South Carolina. He files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Md. House of Corrections*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Such

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon*, 574 F.2d at 1151.

When a federal court is evaluating a *pro se* petition, the petitioner's factual allegations are assumed to be true. *See Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). But even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Background

According to Petitioner, he is being held on an excessive "$100,000 bond for a trump[ed] up misdeameanor charge of simple assault to felon charges ([criminal domestic violence,]) high & aggrivated." (ECF No. 1 at 5 (misspellings in original).) He also complains of "malicious prosecution," inadequate medical treatment, and being "denied access to court." (*Id.* at 5, 6, 8.) For relief, Petitioner asks for "bond reduction/bond modification (within Petitioner['s] means) and the right to be present at bond reduction/bond modification hearing." (*Id.* at 14.)

Discussion

Petitioner is a detainee in a South Carolina detention center. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

As to Petitioner's claim that he has been made subject to excessive bail, "The Eighth Amendment succinctly prohibits '[e]xcessive' sanctions. It provides: 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Atkins v. Virginia*, 536 U.S. 304, 311 (2002). Bail is excessive and violates the Eighth Amendment when it is set higher than necessary to ensure the presence of the defendant. *See United States v. Salerno*, 481 U.S. 739, 752 (1987) (quoting *Stack v. Boyle*, 342 U.S. 1, 5 (1951)). "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle,

would lose its meaning." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). The Eighth Amendment protection against excessive bail may only be vindicated prior to trial; therefore, such a claim may warrant review in a pretrial habeas petition. *Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir.), cert. denied, 452 U.S. 964 (1981); *see also Stack v. Boyle*, 342 U.S. 1.

That Petitioner has a "claim or controversy," however, does not mean that it may now be adjudicated in this Court:

> Under 28 U.S.C.A. § 2241, federal district courts are granted broad authority, "within their respective jurisdictions," 28 U.S.C.A. § 2241(a), to hear applications for writs of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." *Id.*; *see Rasul v. Bush*, 542 U.S. 466, 473, 124 S. Ct. 2686, 159 L. Ed. 2d 548 (2004); *id.* at 483-84, 124 S. Ct. 2686 (noting that "[s]ection 2241, by its terms, requires nothing more" than "the District Court's jurisdiction over petitioners' custodians"). However, it has long been established that the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless. "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (citation and internal quotation marks omitted) . . . .

*Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

4

In the case *sub judice,* Petitioner is clearly involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson,* 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Specifically, the Fourth Circuit has noted that "the fixing of bail 'is peculiarly a matter of discretion with the trial court.'" *United States v. Mitchell*, 733 F.2d 327, 331 (4th Cir. 1984) (quoting *United States v. Wright*, 483 F.2d 1068, 1069 (4th Cir. 1973)). The Fourth Circuit also determined the third criterion, deciding "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Therefore, the instant habeas petition should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, a state prisoner must exhaust his available state remedies by presenting his federal constitutional claim to the state courts as a condition precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Timms*, 627 F.3d at 531 n.5 ("In the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention."). Petitioner has the ability to move before the state court to modify his bond. *See* S.C. Code Ann. §§ 17-15-50, 17-17-10, 17-17-140 (1976). As Petitioner has not demonstrated that he has presented his claims to the state courts, he is barred from bringing them to this Court.[2]

---

[2] The Petition makes repeated references to an "Original Complaint received Clerks [sic] Office 2012 Jan - 4 A9:33" (*e. g.*, ECF No. 1 at 7), but there is no such complaint of record in this Court, and the Court was unable to find reference to such complaint with the Charleston County Clerk's Office. *See Charleston County Common Pleas and General Sessions Public Index*, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (last visited February 7, 2012).

5

To the extent that Petitioner seeks redress for other claims, these types of claims are typically raised in a civil rights complaint. *See Preiser v. Rodriguez*, 411 U.S. at 500 (complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The civil rights statute, 42 U.S.C. § 1983, " provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Thus, Petitioner's civil rights claims cannot be heard in a habeas proceeding.[3]

## RECOMMENDATION

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice.

March 8, 2012  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] Petitioner is advised that civil rights claims also are subject to exhaustion requirements. *See* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).