UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Robinson, | ) | C/A No. 4:12-155-JFA-TER |
|       Petitioner, | ) | |
| v. | ) | ORDER |
| J. Al Cannon, Jr., | ) | |
|       Respondent. | ) | |

Petitioner James Robinson, proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C. § 2241. At the time his petition was filed on January 17, 2012, he was a pretrial detainee with a pending criminal case before the Ninth Judicial Circuit - General Sessions.[1] Specifically, petitioner challenges his "excessive" bond and counsel's performance in his state criminal case. He also complains of malicious prosecution, inadequate medical treatment, and denial of access to the courts.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation and opines that this action should be summarily dismissed because the claims presented are not exceptional and do not provide a basis for habeas corpus relief in

---

[1] On March 26, 2012, the petitioner filed a notice of change of address from the Charleston County Detention Center to the Kirkland Reception and Evaluation Center of the South Carolina Department of Corrections.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

advance of trial. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 8, 2012. Petitioner filed various objections to the Report relating to his request for bond modification in state court. He also appears to direct that his "complaint" be served on Sheriff Al Cannon as the Magistrate Judge in this case had previously dismissed defendants Chief Lucas and Solicitor Wilson from this action because they were not the proper custodians in his habeas action. The objections are repetitive of his § 2241 claims and are overruled.

As the Magistrate Judge correctly notes in her Report, the Supreme Court has held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 901 (4th Cir. 1996) (quoting *Younger v. Harris*, 401 U.S. 37 (1971). The petitioner is involved in an ongoing state criminal proceeding and the matter of bail or bond is a matter of discretion with the state trial court. Moreover, the petitioner has the opportunity to raise federal claims in state proceedings and it appears that he is in the process of filing various complaints and post conviction petitions in state court. Before he can bring federal constitutional claims or civil rights claims in this court, he must exhaust all of his remedies with the state courts. 28 U.S.C. § 2254(b), (c).

CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate

2

Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, this petition is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

May 29, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge